**FROM: The District Court of the 11th Judicial District.**
**County of Flathead.**

STATE OF MONTANA,
          Plaintiff,                         **NO. DC 96-009(A)**

    VS.                                          **DECISION**

Dawn Ann Gauchay,
          Defendant.

On February 9, 1996, it was the judgment of this court that the defendant be committed to the Department of Corrections for forty (40) years for appropriate placement by that agency. Given the nature of her offense and this Court's concerns about her future behavior, the defendant is to be ineligible for parole until she completes all treatment programs deemed appropriate for her rehabilitation and is no longer considered a danger to others by her supervising officers and treatment providers. Should the defendant be allowed parole and/or probation, conditions are imposed of her release from custody which are stated in the February 9, 1996 judgment. The defendant is to be given credit for one hundred forty-one (141) days served in the Flathead County Detention Center pending final disposition in this matter.

On April 18, 1997, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Julie Weddle, legal intern of the Montana Defender Project. The State was represented by Ed Corrigan, Flathead Deputy County Attorney.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed with the modification that the defendant receive a complete psychological evaluation by Warm Springs State Hospital personnel, and after that time, appropriate placement for the defendant will be determined by the Department of Corrections.

Reasons for the amendment are because it does not appear that appropriate placement was made initially, based upon the defendant's age and the limited amount of background information which was made available to the Department of Corrections.

On June 17, 1997, Lois Adams, Attorney for Department of Corrections filed a Motion for Rehearing in regards to defendant, Dawn Ann Gauchay. On June 20, 1997, Jeff Renz, Attorney for Petitioner, filed a Petitioner's Response to Respondent's Motion for Rehearing. After review of both motion and response, Judge Baugh, who was acting chairman at the April 18, 1997 Sentence Review hearing, granted a rehearing for Dawn Ann Gauchay.

On September 12, 1997, the rehearing of the April 18, 1997 Sentence Review decision of Dawn Ann Gauchay was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by attorney Jeff Renz. The state was represented by Lois Adams, attorney for the Department of Corrections.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

After review of brief and arguments, it is the decision of the Sentence Review Board to deny the petition for rehearing. The Sentence Review board does not have jurisdiction in this matter. The board's ruling in this case which was issued May 6, signed the

30th of April, stated the defendant receive a complete psychological evaluation by Warm Springs State Hospital personnel. The Department of Corrections can engage other mental health professionals to conduct the evaluation if they do not want to use professionals from Warm Springs State Hospital. However, it is important that an evaluation be completed so the appropriate placement decisions are made for this defendant.

Done in open Court this 12th day of September, 1997.

DATED this 29th day of September, 1997.

**Acting Chairman, Hon. Wm. Nels Swandal, Member, Hon. Richard Phillips and Alternate Member, Hon. G. Todd Baugh**